UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Christopher Daniel Duntsch, | ) | Bankruptcy Case No. 13-30510-EEB |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | Adversary No.: |
| | ) | |
| Jerry Summers, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Christopher Daniel Duntsch, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, creditor Jerry Summers, by and through undersigned counsel, and, pursuant to 11 U.S.C. §§ 523(a)(2) and 523(a)(6), files this Complaint seeking a judgment and an Order that the debt owed to him by the Debtor is non-dischargeable, and states as follows:

### PARTIES AND JURISDICTION

1. The Debtor and Defendant, Christopher Daniel Duntsch (hereafter "Defendant"), is a natural person residing in the state of Colorado.

2. The Plaintiff, Jerry Summers (hereafter "Plaintiff"), is a natural person who resides in the state of Tennessee. Plaintiff is a creditor of Defendant.

3. The Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334 and 11 U.S.C. § 523; this is a core proceeding.

4. Venue is proper in this court pursuant to 28 U.S.C. §1408 and §1409.

1

## FACTS

5. Defendant filed his Chapter 11 bankruptcy case on November 30th, 2013, which was assigned case number 13-30510-EEB .

6. Defendant is or was at times relevant to this complaint a medical doctor practicing in the field of neurosurgery.

7. Plaintiff suffered from neck pain and tingling for which he consulted Defendant in January of 2012.

8. Defendant recommended a surgical procedure known as an "anterior cervical discectomy and fusion" to address Plaintiff's neck pain and tingling.

9. Defendant assured Plaintiff that the surgery was simple and that Plaintiff would be able to walk out to the hospital the following day.

10. Defendant did not disclose to Plaintiff that in the six months immediately prior to their conversation, Defendant had experienced severe surgical complications on multiple patients while performing similar procedures to the one that Defendant was recommending for Plaintiff.

11. Defendant had a duty to disclose the prior complications and the risks involved in such a surgery and willfully failed to make any such disclosure to Plaintiff.

12. Based on Defendant's representations regarding the simplicity of the surgical procedure and Defendant's lack of disclosure of the recent surgical complications Defendant had with multiple patients, Plaintiff agreed to have Defendant perform the surgery as recommended.

13. Defendant performed the neck surgery on Plaintiff on February 2, 2012.

14. During the surgery, Defendant cut too much of the vertebral bone exposing the vertebral artery which was then cut causing bleeding.

15. Defendant then tried to stop the bleeding through compression and through the use of various agents, including gelfoam in the spinal column which caused increased compression of the spinal cord.

16. Upon awaking from anesthesia, Plaintiff was unable to move his extremities.

17. Despite a well-established standard of care requiring immediate or nearly immediate intervention where a patient is unable to move his extremities, Defendant instructed the staff in the Post Anesthesia Care Unit and Intensive Care Unit to wait a couple of hours to see if the patient's use of his extremities returned before ordering any imaging studies or taking the patient back to the operating room and then waited numerous additional hours before returning Plaintiff to surgery.

18. The increased compression and trauma to the Plaintiff's spinal cord and the delay in returning to surgery resulted in permanent quadriplegia.

19. Upon information and belief as has been alleged in other proceedings, Defendant was regularly using cocaine, alcohol and abusing prescription drugs at the time of the surgery on the Plaintiff and Defendant may have been under the influence of alcohol, drugs, or both while performing surgery on Plaintiff.

20. Upon information and belief, Defendant's choice not to call another neurosurgeon for assistance and his choice to delay returning Plaintiff to surgery was done willfully by Defendant's in order to cover up his surgical mistakes and the fact that he was under the influence of alcohol or drugs or both.

## FIRST CAUSE OF ACTION
(The Debt Owed to Mr. Summers is Non-Dischargeable Pursuant to 11 U.S.C. §523(a)(2)(A))

21. Plaintiff incorporates and re-alleges the preceding paragraphs as if set forth fully herein.

22. Defendant made a false representation when he described the surgical procedure as a simple procedure and one that he had done many times before without complication, despite the fact that Defendant had experienced severe complications with patients while performing the similar procedures during the six months prior to the surgery.

23. Additionally, Defendant made a false representation by fraudulent non-disclosure or omission by failing to disclose to Plaintiff that in the previous six months he had experienced severe complications with patients while performing similar procedures, and therefore there were serious risks not only with the procedure itself, but also with allowing Defendant to be the surgeon to perform the procedure.

24. The Defendant made each of the false representations and omissions described in paragraphs 22 and 23 above with intent to deceive Plaintiff.

25. Plaintiff relied on the representations described in paragraphs 22 and 23 above in choosing to have the surgery performed by Defendant.

26. Plaintiff's reliance was justifiable as Plaintiff was relatively unfamiliar with surgical procedures such as the one at issue.

27. Defendant's false representations and fraudulent non-disclosure or omissions caused Plaintiff to sustain a loss in an amount to be proven at trial.

**SECOND CAUSE OF ACTION**
(The Debt Owed to Mr. Summers is Non-Dischargeable Pursuant to 11 U.S.C. § 523(a)(6))

28. Plaintiff incorporates and re-alleges the preceding paragraphs as if set forth fully herein.

29. Defendant performed the intentional act of surgery on Plaintiff.

30. Defendant performed the surgery with intent to harm because Defendant believed that injury to Plaintiff was substantially certain to result from his being under the influence of alcohol and/or drugs while performing surgery on Plaintiff.

31. Defendant's surgery while under the influence of alcohol, or drugs, or both caused damage to the Plaintiff in the form of quadriplegia.

32. Plaintiff's injuries were the proximate result of the act of surgery by the Defendant while under the influence of drugs or alcohol or both.

33. Additionally, Defendant's choice to delay returning Plaintiff to the operating room was caused by his desire to cover up his surgical mistakes and to cover up that he was under the influence of drugs, alcohol, or both.

34. The Defendant's choice to delay returning Plaintiff to surgery was an intentional action by Defendant.

35. Defendant's choice to delay returning to surgery was done with intent to harm Plaintiff further, or Defendant believed harm to Plaintiff was substantially certain to result from the delay.

36. Defendant's choice to delay returning to surgery caused serious damage to the Plaintiff in the form of permanent quadriplegia.

37. The Plaintiff's injury is the proximate result of the Defendant's choice to delay returning Plaintiff to surgery.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Jerry Summers prays for judgment as follows:

(a) A monetary judgment against Defendant in the amount to be proven at trial, plus accrued interest, attorney's fees and costs.

(b) For an Order declaring the judgment amount owed to the Plaintiff, plus interest, costs, and attorney's fees, is non-dischargeable and shall remain owing after discharge.

(c) For such other and further relief as the Court deems just and proper.

Dated this 28th day of March, 2014

Respectfully submitted,

/s/ Robertson Cohen
Robertson Cohen, Esq. #35252
Counsel to Creditor Jerry Summers
Cohen & Cohen, P.C.
1720 S. Bellaire St., Suite 205
Denver, CO 80222
Phone: (303) 933-4529
Fax: (866) 230-8268
rcohen@cohenlawyers.com